HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WASTE ACTION PROJECT, | No. 12-05441-BHS |
| Plaintiff, | |
| v. | CONSENT DECREE |
| HAROLD LEMAY ENTERPRISES, INC., | FOR CONSIDERATION |
| Defendant. | |

This matter comes before the Court on the parties' joint motion to approve and enter this consent judgment. Having thoroughly considered the joint motion and the relevant record, the Court hereby GRANTS the motion and ENTERS the following consent decree:

WHEREAS, Plaintiff Waste Action Project filed a Complaint on May 18, 2012 in Case No. 12-05441 and a First Amended Complaint on October 19, 2012 in Case No. 12-05445 against Defendant Harold LeMay Enterprises, Inc. ("LeMay") alleging violations of the Clean Water Act, 33 U.S.C. §§ 1251-1387, relating to discharges of stormwater from at its Facilities at 4200 and 4201 Olympic Highway East, Aberdeen, WA 98520, seeking declaratory and injunctive relief,

CONSENT DECREE: No. 12-05441-BHS
p. 1

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

1  civil penalties and attorney's fees and costs (the "Litigation"); and

2  WHEREAS Defendant denied the relevant allegations of the Complaint and Amended Complaint; and

4  WHEREAS, Plaintiff and Defendant agree that settlement of these matters is in the best interest of the parties and the public, and that entry of this Consent Decree without additional litigation or appeal is the most appropriate means of resolving this action; and

8  WHEREAS, Plaintiff and Defendant, by their authorized counsel, consent to the entry of this Consent Decree in order to avoid the risks of further litigation and to resolve the controversy between them;

11  NOW THEREFORE, without trial or appeal of any issue of fact or law, and without admission by the Defendant of the facts or violations alleged in the Complaint and the First Amended Complaint, and upon consent of the parties, and upon consideration of the mutual promises herein contained, it is hereby

16  ORDERED, ADJUDGED AND DECREED as follows:

17  1.  This Court has jurisdiction over the parties and subject matter of this action.

18  2.  Each signatory for the parties certifies for that party that he or she is authorized to enter into the agreements set forth below.

20  3.  This Consent Decree applies to and binds the parties and their successors and assigns.

23  4.  This Consent Decree and any injunctive relief ordered within will apply to the operation, oversight, or both by LeMay at its Facilities at 4200 and 4201 Olympic Highway East, Aberdeen, WA 98520 (the "*Facilities*"), which are subject to National Pollutant

CONSENT DECREE: No. 12-05441-BHS
p. 2

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

Discharge Elimination System Permit Nos. WAR004085 and WAR004084 (the "*NPDES permits*").

5.  This Consent Decree constitutes a full and complete settlement of, and Plaintiff releases, discharges, and forever gives up, the claims, demands, actions, and causes of action alleged in the Complaint and First Amended Complaint and/or asserted under the Clean Water Act, 33 U.S.C. §§ 1251-1387, and/or the claims, demands, actions, and causes of action asserted in the Litigation and/or that could have been asserted in the Litigation under the Clean Water Act that arise from Defendant's acts or failure to act at or near, and/or Defendant's operations at, the Facilities, whether wholly or in part in the past, up through and including the date of entry of this Consent Decree.

6.  This Consent Decree shall not constitute evidence in any proceeding, an admission or adjudication with respect to any allegation of the Complaint or First Amended Complaint, any fact or conclusion of law with respect to any matter alleged in or arising out of the Complaint or First Amended Complaint, or the admission or evidence of any wrongdoing or misconduct on the part of the Defendant or its successor.

7.  In full and complete satisfaction of the claims, demands, actions, and causes of action asserted in the Litigation including in the Complaint and First Amended Complaint, or that could have been asserted in the Litigation, Defendant agrees to abide by and be subject to the following terms and conditions:

   a.  LeMay will comply fully with all conditions of its National Pollutant Discharge Elimination System Permit Nos. WAR004085 and WAR004084 and any successor, modified, or replacement permits authorizing discharges of stormwater associated with industrial activity from the Facilities;

CONSENT DECREE: No. 12-05441-BHS
p. 3

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

b. For a period of one (1) year after the entry of the decree, LeMay shall, on a quarterly basis, forward to WAP copies of all written correspondence to or from Ecology related to its NPDES permits or stormwater discharges from the Facilities;

c. LeMay shall retain a qualified stormwater consultant to revise its stormwater pollution prevention plans ("SWPPPs") to meet the requirements of the *NPDES permits*. LeMay shall provide such consultant with a copy of the declaration filed by Richard Horner in this matter as ECF No. 50 prior to the preparation of the draft revised SWPPPs. Provision of the declaration does not constitute an admission by LeMay regarding any alleged liability under the Clean Water Act. Within forty-five (45) days of the entry of this Consent Decree, LeMay will prepare draft revised SWPPPs for its *NPDES permits*;

d. LeMay shall provide a copy of the draft revised SWPPPs required by subparagraph (b) above to WAP within sixty (60) days of the entry of the Consent Decree;

e. WAP shall thereafter have thirty (30) days to comment on the revised SWPPPs;

f. The revised SWPPPs, including any changes thereto that are made at the sole discretion of LeMay, shall become executed no later than thirty (30) days after the close of the comment period provided in subparagraph 7(e), above. LeMay's decisions as to the revisions to its SWPPPs are not subject to referral to the Court pursuant to the dispute resolution process in paragraph 11;

g. If LeMay resumes industrial activities at the Landfill Facility requiring an NPDES stormwater permit, LeMay shall apply for coverage under an appropriate NPDES

CONSENT DECREE: No. 12-05441-BHS
p. 4

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

permit.

8. Not later than thirty (30) days after the entry of this Consent Decree by this Court, LeMay shall pay two hundred and ninety thousand dollars ($290,000) to the Rose Foundation for projects to improve the water quality of the Chehalis River Watershed and the Grays Harbor Estuary as described in **Attachment A** this Consent Decree. Checks will be made to the order of and delivered to: The Rose Foundation for Communities and the Environment, Attn: Tim Little, 1970 Broadway, Ste. 600, Oakland, CA 94612. Payment will include the following reference in a cover letter or on the check: "Consent Decree, WAP v. Harold LeMay Enterprises, Inc." A copy of the check and cover letter, if any, will be sent simultaneously to WAP and its counsel.

9. Within thirty (30) days of entry of this Consent Decree by the Court, LeMay shall pay Plaintiff's actual litigation fees, expenses, and costs (including reasonable attorney and expert witness fees) incurred in this matter in the amount of one hundred thirty-five thousand dollars ($135,000) by check payable and mailed to Smith & Lowney, PLLC, 2317 East John St., Seattle, WA 98112, attn: Knoll Lowney. LeMay's payment shall be in full and complete satisfaction of any claims Plaintiff has or may have, either legal or equitable, and of any kind or nature whatsoever, for fees, expenses, and costs incurred in the Litigation.

10. A force majeure event is any event outside the reasonable control of LeMay that causes a delay in performing tasks required by this decree that cannot be cured by due diligence. Delay in performance of a task required by this decree caused by a force majeure event is not a failure to comply with the terms of this decree, provided that LeMay notifies WAP of the event; the steps that LeMay will take to perform the task; the projected time that will be needed to complete the task; and the measures that have been taken or will be taken to

CONSENT DECREE: No. 12-05441-BHS
p. 5

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

prevent or minimize any impacts to stormwater quality resulting from delay in completing the task.

LeMay will notify WAP of the occurrence of a force majeure event as soon as reasonably possible but, in any case, no later than fifteen days after the occurrence of the event. In such event, the time for performance of the task will be extended for a reasonable period of time following the force majeure event.

By way of example and not limitation, force majeure events include

    a. Acts of God, war, insurrection, or civil disturbance;

    b. Earthquakes, landslides, fire, floods;

    c. Actions or inactions of third parties over which defendant has no control;

    d. Unusually adverse weather conditions;

    e. Restraint by court order or order of public authority;

    f. Strikes;

    g. Any permit or other approval sought by LeMay from a government authority to implement any of the actions required by this consent decree where such approval is not granted or is delayed, and where LeMay has timely and in good faith sought the permit or approval; and

    h. Litigation, arbitration, or mediation that causes delay.

11. This Court retains jurisdiction over this matter. And, while this Decree remains in force, this case may be reopened without filing fee so that the parties may apply to the Court for any further order that may be necessary to enforce compliance with this decree or to resolve any dispute regarding the implementation of or compliance with this Decree. In the event of a dispute regarding implementation of, or compliance with, this Decree, the parties must first attempt to

CONSENT DECREE: No. 12-05441-BHS
p. 6

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

resolve the dispute by meeting to discuss the dispute and any suggested measures for resolving the dispute. The provisions of section 505(d) of the Clean Water Act, 33 U.S.C. § 1365(d), regarding awards of costs of litigation (including reasonable attorney and expert witness fees) will apply to any proceedings seeking to enforce the terms and conditions of this Consent Decree.

12. The parties recognize that, pursuant to 33 U.S.C. § 1365(c)(3), no consent judgment can be entered in a Clean Water Act suit in which the United States is not a party prior to 45 days following the receipt of a copy of the proposed consent judgment by the U.S. Attorney General and the Administrator of the U.S. EPA. Therefore, upon the filing of this Consent Decree by the parties, WAP will serve copies of it upon the Administration of the U.S. EPA and the Attorney General, with copy to LeMay.

13. This Consent Decree will take effect upon entry by this Court. This Consent Decree shall terminate upon fulfillment of Defendant's obligations under paragraphs 7(e), 8 and 9.

14. This Consent Decree may be modified only upon the approval of the Court.

15. If for any reason the court should decline to approve this Consent Decree in the form presented, this Consent Decree is voidable at the discretion of either party. The parties agree to continue negotiations in good faith in an attempt to cure any objection raised by the court to entry of this Consent Decree.

16. Notifications required by this Consent Decree must be in writing. The sending party may use any of the following methods of delivery: (1) personal delivery; (2) registered or certified mail, in each case return receipt requested and postage prepaid; (3) a nationally recognized overnight courier, with all fees prepaid; or (4) e-mail. For a notice or other communication regarding this decree to be valid, it must be transmitted to the receiving party at

CONSENT DECREE: No. 12-05441-BHS
p. 7

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

1 the one or more addresses listed below or to any other address designated by the receiving party

2 in a notice in accordance with this paragraph 16.

**if to WAP:**

Waste Action Project
PO Box 4832
Seattle 98194-0832
email: gwingard@earthlink.net

**and to:**

Knoll D. Lowney
Smith & Lowney PLLC
2317 East John St.
Seattle, WA 98112
email: knoll@igc.org

**if to LeMay**

Patrick Shea
Vice-President, General Counsel, and Secretary
Harold LeMay Enterprises, Inc.
3 Waterway Square Place, Suite 110
The Woodlands, TX 77380
email: PatS@WasteConnections.com

**and to:**

Lily N. Chinn
Beveridge & Diamond
456 Montgomery Street, Suite 1800
San Francisco, CA 94104
email: lchinn@bdlaw.com

A notice or other communication regarding this Consent Decree will be effective when received unless the notice or other communication is received after 5:00 p.m. on a business day, or on a day that is not a business day, then the notice will be deemed received at 9:00 a.m. on the next business day. A notice or other communication will be deemed to have been received: (a) if it is delivered in person or sent by registered or certified mail or by nationally recognized

CONSENT DECREE: No. 12-05441-BHS
p. 8

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

1  overnight courier, upon receipt as indicated by the date on the signed receipt; or (b) if the
2  receiving party rejects or otherwise refuses to accept it, or if it cannot be delivered because of a
3  change in address for which no notice was given, then upon that rejection, refusal, or inability to
4  deliver; or (c) for notice provided via e-mail, upon receipt of a response by the party providing
5  notice or other communication regarding this Consent Decree.
6
7  WASTE ACTION PROJECT
8  Signature: _____
9  Title: _____Executive Director_____
10
11 Dated: _____10/1/2013_____
12
13 HAROLD LEMAY ENTERPRISES, INC.
14 Signature: _____
15
16 Title: _____Vice-President, General Counsel and Secretary_____
17 Dated: _____10/1/2013_____
18
19
20 DATED this 25 day of November, 2013.
21
22
23 _____
   HON. BENJAMIN H. SETTLE
24 UNITED STATES DISTRICT JUDGE
25
26

CONSENT DECREE: No. 12-05441-BHS
p. 9

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

# ATTACHMENT A

September 30, 3013 Rose Foundation Letter

CONSENT DECREE: No. 12-05441-BHS
p. 10

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883



1970 BROADWAY, SUITE 600, OAKLAND, CA 94612-2218
ROSE@ROSEFDN.ORG

ROSE FOUNDATION for COMMUNITIES and the ENVIRONMENT

WWW.ROSEFDN.ORG
OFFICE: 510.658.0702
FAX: 510.658.0732

9/30/13

Sarah Lu
Environment & Natural Resources Division
Law and Policy Section
P.O. Box 7415
Ben Franklin Station
Washington, D.C. 20044-7415

Re: Waste Action Project v. Harold Lemay Enterprises, Inc. (12-cv-05441-BHS)

Dear Ms. Lu,

This letter is intended to provide assurance that I have received the proposed Consent Decree between the Waste Action Project and Harold Lemay Enterprises, Inc. and that I am authorized by my Board of Directors to make the following binding commitments on behalf of the Rose Foundation.

1) I understand that the Rose Foundation should receive funds from Harold Lemay Enterprises, Inc. as specified in the Consent Decree.

2) The Rose Foundation shall only use these Harold Lemay Enterprises, Inc. funds to support projects intended to improve the water quality of the Chehalis River watershed and the Grays Harbor Estuary. None of the funds shall be used to support political lobbying activities.

3) After the funds have been disbursed, the Rose Foundation shall send a report to the Justice Department, the court and the parties describing how the funds were utilized and demonstrating conformance with the nexus of the Consent Decree.

**Rose Foundation for Communities and the Environment**
The Rose Foundation is a 501(c)(3) public charity (tax ID#94-3179772). Its mission is to support grassroots initiatives to inspire community action to protect the environment, consumers and public health. To fulfill this mission, the Rose Foundation conducts the following activities:

- Raise money to award as grants to qualified non-profit organizations conducting charitable operations.

- Work directly in schools and in the community to encourage environmental stewardship and civic participation.

- Help government efforts to control pollution and protect the environment by encouraging community engagement in local, state and federal research and policy development.

Within this broad range of activities, all of the Rose Foundation's work revolves around one or more of the following strategic themes:

- Build and maintain a bridge between the community and organized philanthropy.
- Protect the natural environment, public health, and community and consumer rights.
- Promote collaboration between labor, environmental, business, consumer and social interests.
- Cultivate a new generation of environmental stewards and social policy leaders.
- Respect the inalienable rights protected by our nation's constitution, and the essential human rights to clean air, clean water, and individual dignity and privacy.

The Rose Foundation is governed by a Board of Directors. Grant applicants are required to submit written proposals, which must include at a minimum specific information about the goals, activities and projected outcomes of the proposed project, background about the charitable applicant, budget information, and a specific funding request. The Foundation may require additional information in order to fully evaluate the application. Applications are first screened by Foundation staff. Staff then makes recommendations to the Foundation Board for action. The Foundation requires all projects to submit written reports within one year of receipt of the grant award describing work conducted under the grant, thereby providing an accountability mechanism over funds awarded. Annual audits by the certified public accounting firm Levy and Powers are posted on the Foundation's website www.rosefdn.org.

I hope this provides you with the information you require. Please do not hesitate to contact me with any questions, or for additional information at (510) 658-0702 or tlittle@rosefdn.org.

Sincerely,

Tim Little, Executive Director

1  Presented by:

2  BEVERIDGE & DIAMOND, P.C.        SMITH & LOWNEY PLLC

3

4  s/Lily N. Chinn                  By  s/Knoll D. Lowney
   Lily N. Chinn (admitted *pro hac vice*)   Knoll D. Lowney, WSBA #23457
5  456 Montgomery Street, Suite 1800   Elizabeth Zultoski, WSBA # 44988
   San Francisco, CA 94104-1251
6  415-262-4012                     Attorneys for Plaintiff Waste Action Project
   415-262-4040 (fax)
7  lchinn@bdlaw.com

8  Attorney for Defendant Harold LeMay
9  Enterprises, Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

CONSENT DECREE: No. 12-05441-BHS                Smith & Lowney, p.l.l.c.
p. 11                                           2317 East John St.
                                                Seattle, Washington 98112
                                                (206) 860-2883